# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL PUCKETT, | Case No. 1:13-cv-00834-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE ANY CLAIMS, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| T. W. STEADMAN, et al., | |
| Defendants. | (Doc. 1) |

## First Screening Order

### I.     Screening Requirement and Standard

Plaintiff Durrell Puckett, a California state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 3, 2013.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Suit**

Plaintiff, who is currently in the custody of the Department of Mental Health at the Department of State Hospitals - Vacaville, brings this action against Captain Terry W. Steadman, Correctional Officer M. Wilkins, and Warden K. Holland[1] for violating his constitutional rights in 2009 while he was at California Correctional Institution ("CCI") in Tehachapi.  For the reasons which follow, the Court finds that Plaintiff fails to state any claims upon which relief may be granted and his complaint is dismissed, with leave to amend.

///

///

---

[1] Plaintiff identified the warden as Hollands.  The Court takes judicial notice of the fact that Kim Holland is the warden of CCI.

### B.     Due Process Claim

Plaintiff's allegations are vague, but it appears he was charged with a prison disciplinary violation and found guilty. The matter may also have been referred to the District Attorney's Office for criminal prosecution. (Comp., 5:20-21.) Plaintiff alleges that Defendant Steadman falsified documents, and Plaintiff was denied the assistance of an investigator to help him gather evidence, including questioning witnesses.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221(citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

In this case, Plaintiff has not identified the existence of a protected liberty interest. As a result, his claim that he was found guilty in the absence of procedural protections to which he is due fails. In the event Plaintiff is able to amend to identify a liberty interest at stake, he is informed that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the

evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

**C.     Eighth Amendment Claims**

Plaintiff alleges placement for weeks in an empty cell without clothing, bedding, a mattress, etc. and that his food was thrown on the floor. Plaintiff also alleges that Defendant Wilkins spit an unknown, controlled substance in his face while he was at recreation yard, causing a burning sensation in his eyes for up to a month, red eye irritation, and momentary blindness; and that Defendant Wilkins did so for the purpose of causing Plaintiff permanent blindness or vision impairment.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

With respect to the empty cell, it appears Plaintiff may have been placed on contraband watch or in a safety cell, although it is not clear. *See e.g.*, *Chappell v. Mandeville*, 706 F.3d 1052 (9th Cir. 2013) (describing contraband watch conditions at California State Prison-Sacramento); *Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) (describing Kern County safety cells used for suicidal and mentally disturbed inmates). Regardless, Plaintiff has not sufficiently linked

any of the named defendants to knowledge and disregard of housing conditions grave enough to support a claim under the Eighth Amendment.

Next, intentionally injuring an inmate through purposeful exposure to a caustic substance would state a claim under the Eighth Amendment. However, Plaintiff's allegations that Defendant Wilkins held, in Wilkins' own mouth, a foreign substance caustic enough to temporarily or permanently impair Plaintiff's vision and then spit it in Plaintiff's eyes while he was out on the yard are simply not plausible. The Court is not required to accept fanciful or otherwise implausible allegations. *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013), *cert. denied*, 134 S.Ct. 1283 (2014); *Blantz v. California Dep't of Corr. and Rehab.*, 727 F.3d 917, 920 (9th Cir. 2013).

### D.  Retaliation Claims

Plaintiff also alleges facts suggesting he was retaliated against for complaining.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

However, once again Plaintiff fails to allege specific facts linking any named defendant to adverse actions taken against him because of his engagement in protected conduct and in the absence of a legitimate correctional coal. The Court cannot and will not fill in the blanks to make Plaintiff's claim for him. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (Rule 8 is violated when a pleading says too little).

///

### E. Equal Protection Claim

Plaintiff alleges that Defendant Wilkins falsified a report, spit on him, and refused to provide him with breakfast and lunch on three or four occasions, during which incidents he used racial slurs against Plaintiff.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must allege facts showing that Defendant Wilkins intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

While racial slurs can support the existence of racial animus, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), in this case, Plaintiff fails to allege any facts demonstrating that he was treated differently than other similarly situated inmates on the basis of his race, *Corales v. Bennett*, 567 F.3d 554, 569-70 (9th Cir. 2009).

### F. Supervisory Liability Claim Against Defendant Holland

Finally, Plaintiff alleges that Defendant Holland was aware of staff misconduct against Plaintiff and failed to act.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing and internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

Here, Plaintiff fails to allege sufficient facts to support any claims under section 1983 for an underlying violation of his constitutional rights by staff. Assuming Plaintiff will be able to cure at least some of the deficiencies to state one or more claims against subordinate staff, Plaintiff must set forth facts showing a causal connection between the violation of his rights and Defendant Holland's actions or omissions. Defendant Holland is the warden at CCI and Plaintiff may not simply allege that Holland "knew." *Blantz*, 727 F.3d at 926-27. This conclusory assertion does not suffice to support a reasonable inference that Defendant Holland was aware Plaintiff's constitutional rights were being violated by staff. *Id.*

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under section 1983;

7

    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state any claims under section 1983.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                          **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE