# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL PUCKETT, | Case No. 1:13-cv-00834-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS ON GROUND OF CLAIM PRECLUSION BE GRANTED |
| v. | |
| T. W. STEADMAN, et al., | (Doc. 20) |
| Defendants. | Objection Deadline: 30 days |
| | Response Deadline: 10 days |

## I.  **Procedural Background**

Plaintiff Durrell Puckett ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 3, 2013. This action for damages is proceeding on Plaintiff's amended complaint against Defendants Steadman and Holland ("Defendants") for violating his rights under the Eighth Amendment of the United States Constitution. 28 U.S.C. § 1915A. (Doc. 10.) Plaintiff's claim arises from the conditions he was subjected to at California Correctional Institution ("CCI") in Tehachapi between June 12, 2009, and July 30, 2009. Plaintiff alleges that he was confined in a stripped cell without a bunk, mattress, toothbrush, toothpaste, soap, clothes, or disinfectant, and that he was unable to eat because officers were throwing his food on the cell floor, in retaliation against him for filing an inmate appeal and participating in an interview. Further, Plaintiff was not on contraband or suicide watch during this time, and he alleges that Defendants became aware of the conditions

between June 16, 2009, and June 18, 2009, but failed to do anything. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

On May 19, 2015, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After the Court issued an order requiring him to file a response, Plaintiff filed his opposition on August 10, 2015. Defendants filed their reply on August 20, 2015, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

## II.     Legal Standard for Motions Brought Pursuant to Rule 12(b)(6)

Defendants seek dismissal of this action under Rule 12(b)(6) on the ground that it is barred by the doctrine of claim preclusion, or res judicata. Fed. R. Civ. P. 8(c); *Holcombe v. Hosmer*, 477 F.3d 1094, 1096-97 (9th Cir. 2007); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955-56 (9th Cir. 2002); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice without converting the motion to dismiss to one for summary judgment, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and here, the Court takes judicial notice of its own records, both *sua sponte* and pursuant to Defendants' request, Fed. R. Evid. 201; *Harris*, 682 F.3d at 1131-32.

## III.    Discussion

### A.     Summary of Parties' Positions

Defendants move to dismiss this action, with prejudice, on the ground that it is barred by the doctrine of claim preclusion, which bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Defendants c

ontend that in three previous lawsuits, Plaintiff asserted allegations identical to those at issue in this action and he is precluded from taking a second bite at the apple in this action.

In a one-page response, Plaintiff argues that he commenced this action in 2013 in good faith, and that he separated his claims after he was notified in *Puckett v. CCI Tehachapi, et al.*, case number 1:10-cv-02160-LJO-GSA, that he could not bring multiple claims in the same case. Fed. R. Civ. P. 18(a), 20(a)(2).

Defendants reply that federal joinder rules would not have precluded Plaintiff from proceeding against them in *Puckett v. Young, et al.*, case number 1:13-cv-00840-AWI-BAM, and because that action was dismissed with prejudice following settlement, the present action is barred.

### B. Summary of Prior Cases

#### 1. *Puckett v. Steadman, et al.*, case number 1:09-cv-02147-GSA

Plaintiff filed *Puckett v. Steadman, et al.*, case number 1:09-cv-02147-GSA, on December 10, 2009, and he voluntarily dismissed it on May 11, 2010.[1]  Fed. R. Civ. P. 41(a)(1).  In that case, Plaintiff alleged, in relevant part, that he was kept in an empty cell at CCI from June 12, 2009, to July 30, 2009. He had no soap, cleaning supplies, hygiene items, or a spoon; he went without clothing or a shower for ten days; and his food was deliberately thrown on the dirty floor. Plaintiff alleged that Sergeant M. Slankard ordered he be held in the empty cell and that K. Holland - one of the two defendants in this action - knew of the conditions but failed to do anything. Plaintiff also alleged that T. Steadman - the second defendant in this action - participated in confining him in the empty cell between June 12, 2009, and July 30, 2009, and lied to Holland.

#### 2. *Puckett v. CCI Tehachapi, et al.*, case number 1:10-cv-02160-LJO-GSA

On November 19, 2010, Plaintiff filed *Puckett v. CCI Tehachapi, et al.*, case number 1:10-cv-02160-LJO-GSA. In his original complaint, Plaintiff's "Claim Two" and "Claim Three" re-alleged his claim arising from his conditions of confinement in the empty cell between June 12,

---

[1] Pursuant to the Court's standard procedure, which is necessitated by administrative concerns, the action was dismissed on May 13, 2010, pursuant to court order. However, at that stage in the proceedings, Plaintiff had the absolute right to dismiss his claims, without prejudice, and the filing of the notice itself had the effect of closing the action and depriving the Court of jurisdiction over the claims. *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).

1 2009, and July 30, 2009: denial of clothing or a shower for ten days; no soap, cleaning supplies,
2 hygiene items, or spoon; and food deliberately thrown on the floor. Plaintiff alleged that K.
3 Holland knew of the conditions but failed to do anything, and that T. Steadman was involved in
4 keeping him in the empty cell between June 12, 2009, and July 20, 2009, and lying to the warden
5 about it.

6 On May 2, 2013, the court ordered Plaintiff to either file an amended complaint or notify
7 the court of his willingness to proceed only on his cognizable claims, which arose out of an
8 incident on April 7, 2009. 28 U.S.C. § 1915A. In the order, the court admonished Plaintiff:

> While it appears that Plaintiff [is] able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. The incidents of excessive force are separate and distinct claims. Plaintiff will be given an opportunity to file an amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

14 (Doc. 8, Screening Order, 4:3-10.) The Court subsequently noted that the claim arising from
15 confinement in the empty cell between June 12, 2009, and July 30, 2009, appeared to be unrelated
16 to the April 7, 2009, incident. Fed. R. Civ. P. 18(a), 20(a)(2). (*Id.*, 6:8-11.) Plaintiff elected to
17 file an amended complaint, which he confined to his claims arising out of the events in April 2009.
18 (Doc. 9.)

19         **3.**     <u>***Puckett v. Young, et al.*, case number 1:13-cv-00840-AWI-BAM**</u>

20 Finally, Plaintiff filed *Puckett v. Young, et al.*, case number 1:13-cv-00840-AWI-BAM, on
21 June 3, 2013. In his original complaint, he alleged, in relevant part, that Sergeant M. Slankard
22 kept him in an empty cell from June 12, 2009, to July 30, 2009, and he had no clothing or a
23 shower for more than ten days; his food was deliberately thrown on the dirty floor; and he had no
24 soap, cleaning supplies, hygiene items, or a spoon. On June 4, 2014, the court screened Plaintiff's
25 complaint and, in relevant part, found that Plaintiff stated a claim against Sgt. Slankard for lack of
26 clothing and showers but failed to link Slankard to throwing his food on the floor. 28 U.S.C. §
27 1915A. Plaintiff was ordered to either file an amended complaint or notify the court he was
28 willing to proceed only on his cognizable claims. Plaintiff filed an amended complaint on June

4

20, 2014, re-alleging his empty cell claim against Sgt. Slankard.  The court screened the complaint and found the empty cell claim against Sgt. Slankard to be cognizable.  *Id.*  Plaintiff filed a second amended complaint on July 21, 2014, and the court again found the empty cell claim against Sgt. Slankard to be cognizable.  *Id.*  Service was initiated thereafter and on January 6, 2015, the parties filed a notice of voluntary dismissal, with prejudice.  Fed. R. Civ. P. 41(a)(1)(A)(ii).

### C. Doctrine of Claim Preclusion

#### 1. Three-Part Test

"'The doctrine of [claim preclusion] provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action,' and 'is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.'"  *Headwaters, Inc.*, 399 F.3d at 1051 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)).  "Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between the parties."  *Harris*, 682 F.3d at 1132 (citing *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (amended)); accord *Headwaters, Inc.*, 399 F.3d at 1052.  In this case, the Court finds it appropriate to consider final judgment on the merits first because consideration of that factor is dispositive of the claim preclusion issue as to two of three cases cited by Defendants.

#### 2. Final Judgment on the Merits

Plaintiff's voluntary dismissal without prejudice of *Puckett v. Steadman, et al.*, case number 1:09-cv-02147-GSA, did not constitute a final judgment on the merits. *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157-58 (9th Cir. 2002) (Rule 41(a) voluntary dismissal without prejudice "leaves the situation as if the action never had been filed" and "any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action") (internal quotation marks and citations omitted); *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 750 (9th Cir. 2001) (dismissal without prejudice not a decision on the merits and it lacks preclusive effect) (quotation marks omitted).  Likewise, there was no final judgment on the merits in *Puckett v. CCI Tehachapi, et al.*, case number 1:10-cv-02160-LJO-GSA, with respect to the claim at issue in this action because Plaintiff omitted the claim from his amended complaint after

he was warned that he could not bring unrelated claims in the same action. Fed. R. Civ. P. 18(a), 20(a)(2). As a result, the subsequent dismissal of that case with prejudice did not encompass adjudication of Plaintiff's claim arising from placement in the empty cell between June 12, 2009, and July 30, 2009.

However, the dismissal of *Puckett v. Young, et al.*, case number 1:13-cv-00840-AWI-BAM, with prejudice pursuant to the parties' Rule 41(b) stipulation did constitute a final judgment on the merits. *Headwaters*, 399 F.3d at 1052 (a Rule 41(b) dismissal with prejudice in federal court bars refiling of the same claim in the same district court) (quotation marks omitted) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506, 121 S.Ct. 1021 (2001)); *see also Mineta*, 284 F.3d at 1157 n.4 ("[I]f the party filing for voluntary dismissal has already once dismissed 'an action based on or including the same claim,' the second dismissal operates as an adjudication on the merits.") (quoting Fed. R. Civ. P. 41(a)(1)(B)). Thus, Defendants' entitlement to dismissal of this case depends on consideration of the other two factors: identity of claims and privity.

### 3. **Identity of Claims**

Courts "apply four criteria to decide whether there is an identity of claims: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Harris*, 682 F.3d at 1132 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion is the most important," *id.* (citing *Liquidators of European Fed. Credit Bank*, 630 at 1151), and "[w]hether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together," *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (citing *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)) (internal quotation marks omitted). In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first

action." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151. A plaintiff need not bring every possible claim, but where claims arise from the same factual circumstances, the plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding. *Id.* (quotation marks omitted).

In the operative pleading in *Puckett v. Young, et al.*, Plaintiff alleged that on June 12, 2009, Sgt. Slankard kept him on management cell status for another ten days without his clothing or a shower; and for forty-eight days, he was denied cleaning supplies and he had to sleep on the floor. In this case, Plaintiff alleges that between from June 12, 2009, to July 30, 2009, he was held in a stripped cell without a bunk, mattress, toothbrush, toothpaste, soap, clothes, or disinfectant, and that he was unable to eat because officers were throwing his food on the cell floor. Thus, there is no question that both cases involve the same Eighth Amendment claim, which arose from the conditions of Plaintiff's cell confinement at CCI between June 12, 2009, and July 30, 2009.

### 4. Same Parties or Those in Privity

The last factor requires consideration of whether there is privity between Sgt. Slankard and Defendants. "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003) (citation omitted). Here, Defendants Holland and Steadman were allegedly aware of the circumstances of Plaintiff's confinement in the empty cell between June 12, 2009, and July 30, 2009, and that confinement was attributed to Sgt. Slankard. Although Sgt. Slankard was named in *Puckett v. Young, et al.*, and Defendants Holland and Steadman were named in this action, all were employed at CCI by the California Department of Corrections and Rehabilitation and all were allegedly involved in violating Plaintiff's constitutional rights with respect to the conditions of the empty cell where Plaintiff was confined between June 12, 2009, and July 30, 2009. Under these circumstances, privity exists between Defendants and Sgt. Slankard, satisfying the third and final claim preclusion factor. *Scott*, 746 F.2d at 1378 (privity exists between different individuals employed by the same government agency) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03, 60 S.Ct. 907 (1940)); *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D.Cal. Aug. 11, 2006) (privity existed

7

between prison officials where those in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit); *see also Hutchison v. California Prison Indus. Auth.*, No. 13-cv-04635-CW, 2015 WL 179790, at *3-4 (N.D.Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).

## IV.     Conclusion and Recommendation

The Court finds that Defendants have met their burden of establishing that the judgment in *Puckett v. Young, et al.*, case number 1:13-cv-00840-AWI-BAM, bars Plaintiff from pursuing his Eighth Amendment claim in this action. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on May 19, 2015, be GRANTED and this action be dismissed, with prejudice, based on the doctrine of claim preclusion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2015**                             **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

8